UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

────────────────────────────X
BASF CORPORATION,

                Plaintiff,

      v.

PONTO'S AUTOBODY LLC d/b/a
PONTO'S AUTO BODY LLC and DAVID
TORINO a/k/a DAVID TORINA,

                Defendants.
────────────────────────────X

Civil Action No. _____

**COMPLAINT AND DEMAND FOR JURY TRIAL**

Plaintiff BASF Corporation ("BASF"), by and through undersigned counsel, as and for its Complaint against the above-captioned defendants Ponto's Autobody LLC d/b/a Ponto's Auto Body LLC ("Body Shop") and David Torino a/k/a David Torina ("Torino," and collectively with Body Shop, "Defendants"), alleges as follows:

## THE PARTIES

1. BASF is a citizen of the States of Delaware and New Jersey. BASF is incorporated under the laws of the State of Delaware and has its principal place of business in the State of New Jersey.

2. At times relevant to the Complaint, Body Shop was a limited liability company organized and existing under the laws of the State of Florida, with

a principal place of business of 904 27th Avenue W, Bradenton, Florida 34205 on file with the Florida Division of Corporations. Upon information and belief, Body Shop has been voluntarily dissolved.

3. Body Shop's registered agent on file with the Florida Division of Corporations is Torino, with a service address of 9810 Braden Run, Bradenton, Florida 34202.

4. Based on BASF's business dealings with Body Shop and Body Shop's filings with the Florida Division of Corporations, Body Shop's only member is Torino, who is a citizen of the State of Florida.

5. Torino resides and may be served at 9810 Braden Run, Bradenton, Florida 34202.

6. BASF is in the business of selling aftermarket paints, refinishes, coating, primers, thinners and reducers as well as other related products and materials for the reconditioning, refinishing and repainting of automobiles, trucks, and other vehicles (collectively, "Refinish Products"). BASF resells the Refinish Products to distributors that in turn sell the Refinish Products to automotive body shops that are in the business of reconditioning, refinishing, and repainting of automobiles, trucks, and other vehicles.

7. At times relevant to the Complaint, Body Shop was an autobody shop engaged in the business of reconditioning, refinishing and repainting automobiles, trucks, and other vehicles.

## JURISDICTION AND VENUE

8. The jurisdiction of this Court over the subject matter of this action is predicated on 28 U.S.C. § 1332. The amount in controversy exceeds $75,000.00, exclusive of interest and costs, and complete diversity exists between the parties, as BASF is a citizen of the States of Delaware and New Jersey and Defendants are citizens of the State of Florida. Defendants are subject to the jurisdiction of this Court because, among other things, a substantial part of the events giving rise to this claim occurred in Florida.

9. Venue is proper in this Court, pursuant to 28 U.S.C. § 1391, in that a substantial part of the events or omissions giving rise to the claims asserted herein occurred in the District and Defendants are subject to the personal jurisdiction in this District.

10. Michigan substantive law governs BASF's claims per Paragraph 10 of the Requirements Agreement.

## **GENERAL ALLEGATIONS**

11. On or about June 2, 2023, BASF and Defendants entered into a Requirements Agreement, a true and correct copy of which is attached hereto as Exhibit A and incorporated herein by reference.

12. Pursuant to Paragraphs 1 and 2 of the Requirements Agreement, Body Shop was required to fulfill one hundred percent of its requirements for Refinish Products up to a minimum purchase requirement of $1,879,317.00 of Refinish Products in the aggregate with BASF Glasurit and RM Refinish Products, at suggested refinish pricing ("Minimum Purchases").

13. Pursuant to Paragraph 3 of the Requirements Agreement, BASF paid Body Shop $176,615.00 ("New Consideration") in consideration of Body Shop satisfying its obligations under the Requirements Agreement. Body Shop also agreed to assume liability under the Requirements Agreement for consideration of $73,385.00 that remained unearned from the parties' prior agreement ("Previous Consideration," and together with the New Consideration, "Contract Fulfillment Consideration" of $250,000.00).

14. Pursuant to Paragraph 4 of the Requirements Agreement, if the Requirements Agreement were terminated for any reason prior to Body Shop fulfilling its Minimum Purchases requirement, Body Shop was required to refund

the Contract Fulfillment Consideration to BASF in accordance with the following schedule:

| Purchases | Contract Fulfillment Consideration Refund |
|---|---|
| Less than 1/5 of Minimum Purchases | 110% |
| Less than 2/5 and greater than 1/5 of Minimum Purchases | 95% |
| Less than 3/5 and greater than 2/5 of Minimum Purchases | 75% |
| Less than 4/5 and greater than 3/5 of Minimum Purchases | 55% |
| Less than 5/5 and greater than 4/5 of Minimum Purchases | 35% |
| After 5/5 of Minimum Purchases | 0% |

15. Pursuant to Paragraph 16 of the Requirements Agreement, Torino personally and unconditionally guaranteed ("Personal Guaranty") Body Shop's obligations under the Requirements Agreement, including but not limited to repayment of the Contract Fulfillment Consideration to BASF.

***Defendants' Breach of the Requirements Agreement***

16. On or about May 1, 2024, Body Shop, without any legal justification, breached and ultimately terminated the Requirements Agreement by, among other things, ceasing to purchase BASF Refinish Products and selling its business operations prior to fulfilling its $1,879,317.00 Minimum Purchases requirement, and failing and refusing to refund the Contract Fulfillment Consideration to BASF.

5

17. At the time of Body Shop's breach and termination of the Requirements Agreement, Body Shop had purchased only approximately $252,094.00 in BASF Refinish Products, leaving a purchase balance due and owing of $1,627,223.00.

18. Body Shop's $252,094.00 in purchases of BASF Refinish Products at the time it breached and terminated the Requirements Agreement constituted less than one-fifth of its Minimum Purchases requirement, triggering an obligation to refund 110% of the Contract Fulfillment Consideration ($275,000.00) to BASF.

19. In violation of Paragraph 4 of the Requirements Agreement, Body Shop has failed and refused to refund BASF 110% of the Contract Fulfillment Consideration, which is $275,000.00.

20. Moreover, in breach of the Personal Guaranty in Paragraph 16 of the Requirements Agreement, Torino has failed and refused to refund 110% of the Contract Fulfillment Consideration ($275,000.00) to BASF or pay BASF the $1,627,223.00 balance of Body Shop's Minimum Purchases requirement.

21. BASF has fulfilled its obligations and remains ready, willing, and able to perform all obligations, conditions, and covenants required under the Requirements Agreement.

22. By letters dated January 17, 2025 and May 29, 2025, true and accurate copies of which are attached hereto as Exhibits B and C, respectively,

6

BASF gave Defendants notice that they were in default of their contractual obligations and demanded a refund of the Contract Fulfillment Consideration. In addition, BASF notified Defendants that they would seek additional damages that it is entitled to if the matter progressed to litigation.

23. Despite the foregoing, Defendants have failed to satisfy their obligations under the terms of the Requirements Agreement.

## COUNT I
## Breach of Contract Against Body Shop

24. BASF incorporates by reference the allegations contained in Paragraphs 1-4, 6-14, 16-19, 21-23.

25. Pursuant to Paragraphs 1 and 2 of the Requirements Agreement, Body Shop was required to fulfill one hundred percent of its requirements for Refinish Products up to a minimum purchase requirement of $1,879,317.00 of Refinish Products in the aggregate with BASF Glasurit and RM Refinish Products, at suggested refinish pricing.

26. Despite Body Shop's obligations under the Requirements Agreement and in breach thereof, Body Shop failed to meet the Minimum Purchases requirements under the Requirements Agreement and failed to pay BASF the amounts due and owing thereunder.

27. A purchase balance of at least $1,627,223.00 remains outstanding under the terms of the Requirements Donts Agreement.

28. Because of Body Shop's breach without legal excuse, and pursuant to Paragraph 4 of the Requirements Agreement, Body Shop is obligated to refund 110% of the $250,000.00 Contract Fulfillment Consideration to BASF, which is $275,000.00.

29. As of the date of the filing of this Complaint, as a direct and proximate result of Body Shop's breach, Body Shop has damaged BASF under the Requirements Agreement as follows:

    a. $275,000.00 for 110% of the Contract Fulfillment Consideration; and

    b. $1,627,223.00 for the remaining balance of the Minimum Purchases requirement.

30. BASF has performed and fulfilled all obligations and conditions required of it under the terms of the Requirements Agreement. Nevertheless, Body Shop's breaches of its obligations under the terms of the Requirements Agreement have resulted in damage to BASF.

31. As a direct and proximate result of Body Shop's breaches of its obligations under the Requirements Agreement, BASF has suffered damages in an amount to be determined at trial but not less than $1,902,223.00.

**WHEREFORE**, BASF demands judgment against Body Shop, awarding an amount to be determined at trial but not less than $1,902,223.00,

together with interest thereon, awarding costs, counsel fees, and litigation expenses, and such other and further relief as the Court may deem just and proper.

## COUNT II
### Breach of Contract Against Torino

32. BASF incorporates by reference the allegations contained in Paragraphs 1-31.

33. Pursuant to the terms of the Personal Guaranty in the Requirements Agreement, Torino personally guaranteed Body Shop's obligations to BASF under the Requirements Agreement, including but not limited to the return of the Contract Fulfillment Consideration.

34. Despite his obligations under the Personal Guaranty of the Requirements Agreement and in breach thereof, Torino has failed to pay BASF the amounts due from Body Shop under the Requirements Agreement.

35. BASF has performed and fulfilled all obligations and conditions required of it under the terms of the Requirements Agreement. Nevertheless, Torino's breaches of his obligations under the terms of the Requirements Agreement have resulted in damage to BASF.

36. As of the date of the filing of this Complaint, as a direct and proximate result of Torino's breach, Torino has damaged BASF under the Requirements Agreement as follows:

  c. $275,000.00 for 110% of the Contract Fulfillment Consideration; and

  d. $1,627,223.00 for the remaining balance of the Minimum Purchases requirement.

  37. BASF has performed and fulfilled all obligations and conditions required of it under the terms of the Requirements Agreement. Nevertheless, Torino's breaches of his obligations under the terms of the Requirements Agreement have resulted in damage to BASF.

  38. As a direct and proximate result of Torino's breaches of his obligations under the Requirements Agreement, BASF has suffered damages in an amount to be determined at trial but not less than $1,902,223.00.

  **WHEREFORE**, BASF demands judgment against Torino, awarding an amount to be determined at trial but not less than $1,902,223.00, together with interest thereon, awarding costs, counsel fees, and litigation expenses, and such other and further relief as the Court may deem just and proper.

## COUNT III
**Unjust Enrichment Against All Defendants**

  39. BASF incorporates by reference the allegations contained in Paragraphs 1-10, 13, 15, and 20.

40. Through BASF's business relationship with Defendants, Defendants received the benefit of the $250,000.00 Contract Fulfillment Consideration in anticipation of the parties' continued business relationship.

41. Defendants prematurely terminated the parties' business relationship but Defendants have failed to return the $250,000.00 Contract Fulfillment to BASF.

42. BASF expected return of the Contract Fulfillment Consideration from Defendants. Defendants' failure to return the Contract Fulfillment Consideration to BASF has unjustly enriched Body Shop.

43. Permitting Defendants to retain the $250,000.00 benefit of the Contract Fulfillment Consideration when Defendants prematurely terminated their business relationship with BASF would be unequitable and unjust to BASF.

44. By reason of the foregoing, Defendants have been unjustly enriched by $250,000.00 for which BASF is entitled to be compensated in full by Defendants together with interest thereon.

**WHEREFORE**, BASF demands judgment against Defendants awarding an amount to be determined at trial but not less than $250,000.00, together with interest thereon, awarding costs, counsel fees, and litigation expenses, and such other and further relief as the Court may deem just and proper.

## COUNT IV
## Declaratory Relief Against All Defendants

45. BASF incorporates by reference the allegations contained in Paragraphs 1-38.

46. BASF requests a judicial declaration of BASF's and Body Shop's respective rights under the Requirements Agreement.

47. An actual dispute and justiciable controversy presently exists between BASF and Body Shop concerning their rights and obligations under the Requirements Agreement. Body Shop contends that it has not breached the Requirements Agreement. BASF disagrees and contends that the Requirements Agreement is in full force and effect, and that Body Shop is in breach of the Requirements Agreement.

48. A judicial declaration is necessary to establish BASF's and Body Shop's rights and duties under the Requirements Agreement.

## DEMAND FOR JURY TRIAL

49. BASF demands a trial by jury on all counts and as to all issues.

## PRAYER FOR RELIEF

**WHEREFORE**, BASF prays that this Court enter Judgment in its favor and against Body Shop as follows:

        a.      Awarding BASF monetary damages in an amount to be determined at trial, but not less than $1,902,223.00, together with prejudgment interest;

        b.      Awarding BASF declaratory judgment in that the Requirements Agreement is in full force and effect;

        c.      Awarding BASF all costs and fees of this action as permitted by law; and

        d.      Awarding BASF such other and further relief as this Court deems just and proper.

Dated:      October 3, 2025

                                    CARLTON FIELDS, P.A.

                        By:   */s/ Daniel C. Johnson*
                                Daniel C. Johnson
                                Lead Counsel
                                Florida Bar No. 522880
                                djohnson@carltonfields.com
                                200 S. Orange Avenue, Suite 1000
                                Orlando, FL 32801-3456
                                Tel:   (407) 244-8237
                                Fax:  (407) 648-9099